UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

HYH'NES HIDIYAH BAKRI, *Plaintiff*

v.

Amazon.com, Incorporated,

Prime Now, LLC,

Jordan Sprague,

Nancy Lopez,

Hannah Niro,

Alyssa McCormick, *Defendants*


COMPLAINT

Case No:_____


**Hyh'nes Bakri**

67 Newbury Street

Boston, Massachusetts, 02116

617-308-7944

carpeomnis@outlook.com


September /\_\_ , 2025

**PARTIES**

**Plaintiff**

Hyh'nes Bakri, 67 Newbury Street, Boston, MA 02116

**Defendants**

**1. Amazon.com, Incorporated; Prime Now, LLC**

Corporation Service Company, Registered Agent, 84 State Street, Boston, MA 02109

**2. Hannah Niro, Site Manager,** Amazon Hub Counter, 348 Harrison Avenue, Boston, MA 02118

**3. Jordan Sprague, Human Resources,** Amazon Hub Counter, 348 Harrison Avenue, Boston, MA 02118

**4. Alyssa McCormick, Human Resources,** Amazon Hub Counter, 348 Harrison Avenue, Boston, MA 02118

**5. Nancy Lopez, Associate,** Amazon Hub Counter, 348 Harrison Avenue, Boston, MA 02118

**INTRODUCTION**

Pro se litigant Hyh'nes Bakri ("Plaintiff") respectfully brings this Complaint before the United States District Court for the District of Massachusetts. The Plaintiff is Black and at the time of her pretextual termination on September 13, 2022, she was over forty years old. The Plaintiff was wrongfully investigated and wrongfully terminated by Prime Now, LLC, or Amazon.com, Incorporated ("Amazon" or "Amazon/Prime Now"), Jordan Sprague, Hannah Niro, and Alyssa McCormick within four months after she had submitted internal and external complaints about workplace safety issues, negligence, and the repeated threats of battery against her by co-worker Nancy Lopez on July 17, 2022.

The Plaintiff possesses clear Amazon surveillance video footage of the repeated assault. She has conflicting investigation findings from Amazon's Human Resources ("HR") and Employee Relations ("ER") about her alleged wrongdoings that were used to justify the bad faith termination. The Plaintiff also has evidence that Amazon/Prime Now failed to prove to the Department of Unemployment Assistance ("DUA") their false allegations that she had violated M.G.L. 151(a), § 25(e)(2).

The Plaintiff seeks redress through this Court for the severe harm she has suffered and continues to suffer because of this pretextual termination and the post-termination adverse actions.

**JURISDICTION**

This Court has jurisdiction under 28 U.S.C. § 1331[1] and supplemental jurisdiction under 28 U.S.C. § 1367 because the Plaintiff's claims present violations of state and federal laws that stem from the same facts. As detailed in the **CAUSES OF ACTION**, the Plaintiff's rights have been repeatedly violated under the following by the named Defendants:

**1. Title VII of the Civil Rights Act** (Anti-discrimination based on protected characteristics-**Amazon/Prime Now**)

**2. The Age Discrimination in Employment Act of 1967-"ADEA"** (Age-based discrimination protection-**Amazon/Prime Now**)

**3. M.G.L. c. 12, §§ 11H-11J** (Threats, intimidation, coercion-**Amazon/Prime Now, Jordan Sprague, Hannah Niro**)

**4. M.G.L. c. 149, § 148** (Final wage payment upon termination-**Amazon/Prime Now**)

**5. M.G.L. c. 151B** (Employment discrimination-**Amazon/Prime Now, Jordan Sprague, Hannah Niro, Alyssa McCormick**)

**6. Common Law Public Policy Exceptions** (Protection for at-will private-sector employees asserting legal rights-**Amazon/Prime Now**)

---

[1] This U.S.C. grants district courts original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.

**7. Tort Claims** (Intentional and negligent infliction of emotional distress-**Amazon/Prime Now, Jordan Sprague, Hannah Niro, Alyssa McCormick, Nancy Lopez**)

**8. General Negligence** (Negligent investigation, negligent supervision, and negligent retention-**Amazon/Prime Now, Hannah Niro, Jordan Sprague, Alyssa McCormick**)

**9. Assault** (Repeated threats of battery-**Nancy Lopez, Amazon/Prime Now**)

**10. Civil Conspiracy** (Malicious and deleterious HR investigation, termination, and post-termination actions-**Amazon/Prime Now, Hannah Niro, Jordan Sprague, Alyssa McCormick**)

**11. The Massachusetts Fair Employment Practices Act (FEPA)** (Continued, Post-Termination Retaliation-**Amazon/Prime Now**)

**FACTS**

The Plaintiff respectfully submits the following information for clarity and context before presenting **FACTS**.

1. The Plaintiff was a Prime Now employee employed at an Amazon Hub Counter location. The Plaintiff's September 13, 2022, termination documentation identifies Prime Now as the employer.

2. Prime Now is a wholly-owned subsidiary of Amazon.

3. While the Plaintiff's small claims action in 2022, and later her Massachusetts Commission Against Discrimination ("MCAD") complaint in 2023, listed Amazon Hub Counter, this designation referred to the location and program through which the Plaintiff was employed. The underlying conduct, employment relationship, and responsible entities were clearly described in the Plaintiff's MCAD complaint and rebuttal. Amazon/Prime Now had constructive notice and opportunity to respond. Thus, this clarification eliminates any ambiguity regarding proper service, the parties' roles and responsibilities, and the correct direction of the Plaintiff's claims.

4. Every claim made in this complaint can be supported with written and video documentation that all of the Defendants' attorneys were provided with in the Plaintiff's 2023 MCAD rebuttal.

5. The Plaintiff decided to withdraw her MCAD complaint around August 12, 2025, and had about a month to research for, prepare, and file this complaint before the statute of limitation deadline on September 13, 2025.

**1. The Plaintiff Transfers to the Amazon Hub Locker**

**a. May 1, 2022:** The Plaintiff, who had been working for Amazon/Prime Now as a Whole Foods Market Shopper since March 2020, transferred to the Amazon Hub Counter.

**2. Amazon/Prime Now, Hannah Niro, Jordan Sprague, Nancy Lopez – the Plaintiff Reports Hostile Work Environment, Requests To Work At Other Locations**

**a. May-July, 2022:** During the first week of her transfer, the Plaintiff made multiple requests of Hannah Niro for approval to work at other Amazon Hub Counter locations in order to avoid working alongside Nancy Lopez, whom she asserts was erratic, volatile, hostile, hateful, and racist. Other employees were reluctant to work with Nancy Lopez because she created a toxic and destabilizing work environment during every shift. The Plaintiff contends that Hannah Niro manipulated the system so that most of her shifts were with Nancy Lopez.

**3. Amazon/Prime Now, Nancy Lopez, Hannah Niro – Repeated Threats of Battery In A Small Space**

**a. July 17, 2022:** Less than two months after the Plaintiff started complaining to Hannah Niro about the erratic conduct of Nancy Lopez; less than two months after she started requesting of Hannah Niro approval to work at other Amazon Hub Counter locations in order to avoid working with Nancy Lopez; and less than a month after she had submitted a written report to Hannah Niro about Nancy Lopez violating Amazon policy and standards of conduct during a June 2022 shift, the Plaintiff was repeatedly threatened with

battery, or repeatedly assaulted, in the tiny Amazon Hub Counter workspace by Nancy Lopez.

As is visibly evident in the Amazon/Prime Now security video footage:

i. Nancy Lopez blocked the one entrance and exit to the small work area.

ii. Nancy Lopez pulled down her mask.

iii. Nancy Lopez rushed up into the personal space of the Plaintiff, directly into her face, cornering her, potentially exposing her to the coronavirus. There was a customer at the Amazon Hub Counter who can be very clearly seen in Amazon's video footage pointing and motioning at Nancy Lopez while shouting for her to get out of the Plaintiff's face.

iv. Nancy Lopez walked away from the Amazon Hub Counter at least three times, returned, closed in on the Plaintiff and continued her threats of battery.

v. At one point during the repeated assault, as clearly evidenced in the Amazon surveillance video, Nancy Lopez reached over the counter and pointed her finger directly in the Plaintiff's face, as though readying to slap her, all while cursing and yelling profanities at her.

The Plaintiff reasonably feared after the first threat of battery that Nancy Lopez was going to physically harm her. Her reasonable fear increased each time Nancy Lopez walked away from her and then rushed back into her personal space. The Plaintiff notes, as is very visibly evident in Amazon's security video footage, that throughout the entire repeated assault she remained behind the work counter in the same spot, at one point not even moving, and at no point doing or saying anything to incite Nancy Lopez.

The Plaintiff did and said nothing to provoke the repeated assault. She simply refused to coddle Nancy Lopez as she had during other shifts, specifically a shift from the previous month where she had to manually attend customers because Nancy Lopez had somehow stalled the system and then decided not to continue working throughout the rest of the shift. The Plaintiff submitted a detailed written report to Hannah Niro about that June 2022 incident.

Nancy Lopez had been repeatedly reported by her co-workers for being volatile and disrupting the workday by stalling the system. Reasonable steps were not taken to protect the Plaintiff from foreseeable harm by Nancy Lopez. The Plaintiff asserts that the timing and nature of the repeated assault constitutes negligent infliction of extreme emotional distress by Hannah Niro and,

**Hyh'nes Hidiyah Bakri v. Amazon.com, Incorporated, et al**

through vicarious liability, Amazon/Prime Now, as is explained in the **CAUSES OF ACTION.**

**4. Amazon/Prime Now, Hannah Niro, Jordan Sprague, Nancy Lopez – the Plaintiff's Internal and External Reports, Harassment Prevention Order**

**a. July 17-September 1, 2022:** The Plaintiff submitted at least eight emails to Amazon headquarters, Amazon upper management, Hannah Niro, and Jordan Sprague before the start of an alleged Amazon HR investigation of the repeated assault against her by Nancy Lopez on July 17, 2022. In her communications, the Plaintiff directly stated that the Amazon Hub Counter work environment was hostile and unsafe because of Nancy Lopez's volatile conduct and because of Hannah Niro's negligence in managing the situation. The Plaintiff also wrote that she believed she was being subjected to retaliation and unlawful discrimination for reporting the repeated threats of battery to internal and external agencies.

**b. July 19, 2022:** In one of the emails mentioned above, the Plaintiff wrote that she would seek a harassment prevention order against Nancy Lopez for the repeated assault she had suffered on July 17, 2022.

**5. Amazon/Prime Now, Jordan Sprague, Hannah Niro – the Plaintiff Experienced Difficulties Securing Shifts for the First Time**

**a. August 5, 2022:** The Plaintiff started experiencing difficulties securing shifts immediately after the conclusion of Amazon's alleged HR investigation of Nancy Lopez's repeated threats of battery against her on July 17, 2022. The Plaintiff asserts that the timing of these first-time difficulties reflect retaliatory conduct by Amazon/Prime Now, Jordan Sprague, and Hannah Niro in response to her prior complaints and protected activities mentioned in **FACTS 2** and **4**.

**6. Amazon/Prime Now, Jordan Sprague, Hannah Niro — Retaliatory, Discriminatory, and Coerced Zoom "Coaching Session"**

**a. August 12, 2022:** A week after the above-mentioned, alleged HR investigation of Nancy Lopez, and less than a month after being repeatedly assaulted by Nancy Lopez in the small workspace on July 17, 2022, Hannah Niro and Jordan Sprague held a Zoom "coaching session" that was originally presented to the Plaintiff as a follow-up to the previously mentioned HR investigation. The Plaintiff asserts that the meeting was a scapegoating session where the blame for her repeated assault by Nancy Lopez was denied and placed squarely on her shoulders.

During the meeting the newly appointed regional manager approved the Plaintiff's requests to work at other Amazon Hub Counter locations. Hannah Niro and Jordan Sprague had previously ignored and not approved the Plaintiff's requests, which she had been

making since week one of her transfer. Jordan Sprague approved the Plaintiff's requests with conditions shortly after she had mentioned seeking a harassment prevention order against Nancy Lopez in her July 19, 2022 email. See **FACTS 2** and **4b.**

The new regional manager not only approved the Plaintiff's requests during the "coaching session," he offered her a set schedule at one Amazon Hub Counter location while allowing her to continue working flex schedules at her home site and at a third Amazon Hub Counter location.

**7. Amazon/Prime Now, Jordan Sprague, Hannah Niro – Retaliatory, Discriminatory, and Coerced HR Investigation of the Plaintiff**

**a. August 19, 2022:** One week after the August 12, 2022, "coaching session" referenced in **FACT 6**, Jordan Sprague and Hannah Niro initiated an HR investigation of the Plaintiff. It was two weeks after the Plaintiff began experiencing scheduling difficulties for the first time, as noted in **FACT 5**. It was approximately one month after the Plaintiff started submitting internal and external complaints about the lack of workplace safety that resulted in her being repeatedly assaulted by Nancy Lopez on July 17, 2022. It was also one month after the Plaintiff's July 19, 2022, email, mentioned in **FACT 4b**, where she explicitly stated that Hannah Niro had disregarded clear signs of workplace violence. In that same

communication, **FACT 4b**, the Plaintiff indicated her intent to pursue a *harassment* prevention order against Nancy Lopez.

The Plaintiff asserts that the timing and nature of the HR investigation of her by Jordan Sprague and Hannah Niro reflected retaliatory and discriminatory motives and demonstrated a continued failure to address the underlying safety concerns at the Amazon Hub Counter.

**8. Amazon/Prime Now, Jordan Sprague, Hannah Niro, Alyssa McCormick – No Notification of Shift Cancellations, No Notification of Termination**

**a. September 8, 2022:** Less than four months after the Plaintiff started complaining about workplace safety; Nancy Lopez's increasingly erratic conduct; Nancy Lopez's repeated assault of her on July 17, 2022; and Hannah Niro's failure to ensure a safe work environment, the Amazon HR investigation concluded that she had violated "some" of Amazon's policy and standards of conduct. Jordan Sprague and Hannah Niro used the findings to charge the Plaintiff with "harassment" of Nancy Lopez and, without notification, cancelled her shifts and terminated her within forty-eight hours.

The Plaintiff learned of her pretextual termination when she attempted to access her work schedule and found her account disabled. She contacted the new regional manager. He forwarded her

the termination "feedback document" that had been created by Jordan Sprague and signed by Hannah Niro and Alyssa McCormick.

The Plaintiff's name had been typed on the document to confirm that she had seen it on her final day of employment. The Plaintiff knew nothing about the document because Hannah Niro had emailed it to her unaccessible, defunct Amazon account despite the fact that she knew, and had been using for months, only the Plaintiff's personal email to communicate with her. The Plaintiff's personal email had been a part of her employment files since she started working for Amazon/Prime Now in March 2020.

**9. Amazon/Prime Now, Jordan Sprague, Hannah Niro, Alyssa McCormick – the Plaintiff's Pretextual Termination, No Final Pay, No Appeal, No Rehire**

**September 13, 2022:** One month after the August 12, 2022, "coaching session" (**FACT 6**); less than two months after the Plaintiff started reporting to various internal and external agencies how she was repeatedly assaulted by Nancy Lopez on July 17, 2022, (**FACT 4**); less than two months after mentioning she would file a *harassment* prevention order against Nancy Lopez (**FACT 4b**); and less than two months after filing a small claims case against all Defendants, the Plaintiff was terminated because the HR investigation findings claimed that she had violated unspecified provisions of Amazon's policy and standards of conduct. "*Harassment*" was the reason for

the Plaintiff's termination, according to the "feedback document" created by Jordan Sprague and signed by Hannah Niro and Alyssa McCormick. The Plaintiff had been terminated for her alleged "harassment" of Nancy Lopez.

The Plaintiff was terminated without notification, without compensation on her final day of employment, without the opportunity to appeal the termination, and without the ability to reapply for any job at Amazon despite the following facts:

i. Since becoming an Amazon/Prime Now employee in March 2020, the Plaintiff had no disciplinary warnings in her personnel file. The Plaintiff took a photo of her online files around the time of her wrongful termination that verifies that fact.

ii. In June 2022, one month after transferring to the Amazon Hub Counter, Amazon/Prime Now gifted the Plaintiff a $200 customer service award. The new regional manager even allowed the Plaintiff to choose the $200 prize of her choice.

iii. As is evident in the Amazon security video footage, the Plaintiff said and did nothing to provoke the July 17, 2022, repeated assault by Nancy Lopez, nor did the Plaintiff respond violently to the repeated threats of battery. In fact, a customer is seen on camera shouting and pointing for Nancy Lopez to get out of the Plaintiff's face during the first part of the repeated threats of battery.

iv. In August 2022, during Jordan Sprague's and Hannah Niro's "coaching session," the new regional manager essentially promoted the Plaintiff, as detailed in **FACT 6**.

## 10. Amazon/Prime Now – ER Investigation Findings Contradict HR Investigation Findings

**October 25, 2022:** Less than two months after Jordan Sprague, Hannah Niro, and Alyssa McCormick used an Amazon HR investigation to wrongfully terminate the Plaintiff, an Amazon ER investigation directly contradicted those findings. The ER investigator concluded that the Plaintiff had not violated Amazon's policy or standards of conduct. The ER report debunked the "harassment" charge that was applied to the HR report by Jordan Sprague, Hannah Niro, and Alyssa McCormick. Yet, Amazon did not reinstate the Plaintiff to her position nor offer to make her whole in any way for the emotionally distressing violation of her protected rights.

Nancy Lopez, however, whom the Plaintiff asserts had never been investigated or disciplined by Hannah Niro and Jordan Sprague for repeatedly assaulting her and violating Amazon policy and standards of conduct on July 17, 2022, as can be very clearly seen in Amazon's security video footage, was retained as an Amazon Hub Counter employee until January 2023, the same month the Plaintiff filed her complaint with the MCAD.

**11. Amazon/Prime Now — Contests the Plaintiff's Claims for Unemployment Benefits But Does Not Appear for the Virtual DUA Hearing**

**a. December 10, 2022**: Around the same time in October 2022 that the Plaintiff received the Amazon ER investigation results that directly contradicted the Amazon HR investigation results from September 2022, **FACT 10**, Amazon objected to her claim for unemployment benefits. Amazon/Prime Now falsely accused the Plaintiff of violating M.G.L. c. 151A, § 25(e)(2), or with "continued use of abusive language while at work" and of having "engaged in deliberate misconduct in wilful disregard of the employer's interest."

The DUA reversed its decision to deny the Plaintiff her claim in December 2022 because Amazon did not attend the virtual hearing.

**CAUSES OF ACTION**

The Plaintiff notes the following before introducing the COUNTS.

1. These claims are brought under the continuing violation doctrine.

2. The conflicting Amazon HR investigation report and Amazon ER investigation report mentioned in **FACT 10** are central to this complaint. The very important differences between these two types of investigations are as follows.

**Formal Versus Informal Investigations**

a. An HR investigation is an informal or inconsistent process conducted by general HR personnel using minimal or internal documentation covering broad HR issues like policy violations, attendance, and performance.

b. ER investigations are a specific, formal process for legal issues that are often detailed, structured, legally informed, and more neutral and credible in litigation-prone contexts. They are conducted by specialized ER professionals trained in workplace investigations because they involve legally sensitive claims like the one that was maliciously used by Jordan Sprague, Hannah Niro, Alyssa McCormick and, through vicarious liability, Amazon/Prime Now to wrongfully terminate the Plaintiff.

**Access to Different Evidence**

a. HR investigators might rely on hearsay, managerial impressions, or incomplete reports.

b. ER investigators may dig deeper and interview more people, review more documents, and apply legal standards rather than vague policy violations.

**Timing and Pressure**

a. HR investigators often move fast because they are under pressure from leadership to quickly resolve things, as was the case for the Plaintiff.

b. ER investigations may occur later, after the dust has settled, or after the harm inflicted by an HR investigation, and take a more methodical approach.

**Internal Politics**

a. HR investigators might be influenced by internal loyalties or power dynamics, as was the case for the Plaintiff's bad faith termination. The Plaintiff asserts that Jordan Sprague, with the approval of Alyssa McCormick, influenced the HR investigator to charge her with violation of Amazon policy and standards of conduct so that a just cause reason could be applied to a pretextual termination.

b. ER investigators, especially if externally or legally trained, may be more insulated from internal pressures.

**Different Mandates**

a. HR investigators often operate with a protect-the-company-first mindset. Their goal is to manage internal dynamics, preserve leadership optics, and keep things quiet, as was the case for the Plaintiff's HR investigation.

**Hyh'nes Hidiyah Bakri v. Amazon.com, Incorporated, et al**

b. ER investigations, especially when done right, are tasked with legal defensibility. ER investigators know their findings might end up in court, so they are more cautious, more structured, and sometimes more honest. Fortunately for the Plaintiff, that was the case in her situation. The Plaintiff asserts that Jordan Sprague, Hannah Niro, Alyssa McCormick and, through vicarious liability, Amazon/Prime Now used the HR investigation results as if they were the findings of a formal ER investigation. As stated in **FACT 8**, the Plaintiff was charged by the HR investigator of violating "some" of Amazon's policy and standards of conduct. Jordan Sprague, Hannah Niro, and Alyssa McCormick used the flawed or faked unspecified findings to specifically charge the Plaintiff with "harassment" of Nancy Lopez less than two months after she had stated in an email that she would seek a harassment prevention order against Nancy Lopez. See **FACT 4b.**

The ER investigator's job is to protect Amazon from legal liability. Their October 25, 2022, report is essentially a written admission that they found no legal basis for the actions of Amazon/Prime Now against the Plaintiff. More specifically, the ER finding is basically a written admission that they found no legal basis for Jordan Sprague, Hannah Niro, and Alyssa McCormick subjecting the Plaintiff to what was a malicious, hateful, and retaliatory termination right before the holiday season.

If the ER investigator had found any clear evidence of "harassment," or even a provable Amazon policy violation, then it would have been meticulously documented to justify the actions of Amazon/Prime Now, Jordan Sprague, Hannah Niro, and Alyssa McCormick and to defend against the Plaintiff's specific claims of discrimination and retaliation. The fact that that was not done and the Plaintiff was, instead, informed that she had not violated Amazon policy and standards of conduct also means that there was no evidence found to support a legal justification for any of the malicious actions that were taken against her *after* her wrongful termination. Those specific, post-termination actions against the Plaintiff included no compensation on the final day of her employment, not being allowed to appeal her retaliatory termination, being made ineligible for rehire, the contesting of her claim for unemployment benefits, and not reinstating her to her former position with back pay and emotional distress compensation. See **FACTS 5-11**.

Every COUNT that follows is shaped by the above-mentioned facts, all of which are very strong indicators of bad faith on the part of Jordan Sprague, Hannah Niro, Alyssa McCormick and, through vicarious liability, Amazon/Prime Now. Instead of making the Plaintiff whole, Amazon/Prime Now chose to do the above-mentioned, post-termination acts, which also included hiring a second

attorney eight months into the MCAD process to defend the unlawful and deleterious termination and post-termination actions.

**COUNT 1: Amazon/Prime Now, Hannah Niro, Jordan Sprague, Alyssa McCormick – General Negligence** (Negligent investigation, negligent supervision, and negligent retention)

Amazon/Prime Now breached its duty of care to the Plaintiff. They were negligent in their oversight, investigation, and retention because:

a. Nancy Lopez's violation of Amazon policy and standards of conduct had been repeatedly reported to management and human resources prior to the Plaintiff's transfer to the Amazon Hub Counter. The Plaintiff repeatedly complained to Hannah Niro verbally and in writing about Nancy Lopez starting in the first week of her transfer in May 2022. See **FACTS 2** and **4**.

b. The Plaintiff emailed Hannah Niro multiple times and Jordan Sprague at least twice about being reassigned to other Amazon Hub Counter sites and about being repeatedly assaulted by Nancy Lopez on July 17, 2022. See **FACT 4**.

c. The Plaintiff emailed Amazon headquarters numerous times from July 2022 to October 2022 about the repeated, retaliatory threats of battery that Nancy Lopez had subjected her to on July 17, 2022. See **FACT 4**.

d. The Plaintiff repeatedly emailed Amazon headquarters about Hannah Niro's negligent supervision, investigation, and retention of Nancy Lopez before and after her wrongful termination in September 2022. See **FACT 4**.

e. The Plaintiff repeatedly emailed Amazon headquarters about her pretextual termination that was orchestrated by Jordan Sprague, Hannah Niro, and Alyssa McCormick from the moment she learned about it to the day she received the Amazon ER investigation report in October 2022 that contradicted the HR investigation report from September 2022. See **FACTS 8** and **10**.

f. The Plaintiff emailed Amazon headquarters regarding their conflicting HR and ER investigation results. See **FACTS 8** and **10**.

g. The Plaintiff does not believe Nancy Lopez was ever investigated or disciplined for her videotapped, repeated violation of Amazon policy and standards of conduct, specifically on July 17, 2022. The Plaintiff knows Nancy Lopez remained an Amazon Hub Counter employee until she filed her MCAD complaint in January 2023.

h. As stated in **FACT 10**, ER investigation results in October 2022 contradicted HR investigation results from September 2022. Yet, despite that fact, Hannah Niro, Jordan Sprague, Alyssa McCormick, and Nancy Lopez remained in Amazon's employ. Only the Black Plaintiff was terminated, and wrongfully so.

Hannah Niro, Jordan Sprague, Alyssa McCormick and, through vicarious liability, Amazon/Prime Now breached their duty of care to the Plaintiff in the following ways.

**Negligent Supervision:**

a. Nancy Lopez had a history of dangerous outburts that predated the Plaintiff's transfer to the Amazon Hub Counter. Every employee who had ever worked with Nancy Lopez had reported her volatile and erratic behavior to Hannah Niro. See **FACTS 1** and **2**. Nevertheless, Hannah Niro failed to ensure that an employee who regularly violated Amazon policy and standards of conduct before co-workers, supervisors, and customers was properly managed so as to maintain a safe and pleasant work and shopping environment for all.

**Negligent Investigation:**

a. Hannah Niro and Jordan Sprague failed to take reasonable steps to protect the Plaintiff from Nancy Lopez. There was no proper investigation of the Plaintiff's and other employees' complaints about the hostile and unsafe work environment created by Nancy Lopez in nearly all of her shifts. Nancy Lopez was so disagreeable to interact with that the Plaintiff started complaining about her during the first week of her transfer to the Amazon Hub Counter, as detailed in **FACT 2.**

b. Hannah Niro and Jordan Sprague failed to investigate or properly investigate Nancy Lopez for intentionally cornering and repeatedly assaulting the Plaintiff on July 17, 2022, as is very clearly evidenced on Amazon's security video footage. See **FACT 3**. Instead, Jordan Sprague and Hannah Niro had the Plaintiff investigated less than a month after she had been subjected to the retaliatory, hateful, and repeated threats of battery.

c. The contradicting ER investigation results from October 2022 proved that the HR investigation spearheaded by Jordan Sprague and Hannah Niro was not properly conducted or, as the Plaintiff asserts, was only conducted to find a lawful reason for her unlawful termination.

**Negligent Retention:**

a. In June 2022, while working a shift with the Plaintiff, Nancy Lopez put on a dispicable display after literally crashing the system and bringing the workday to an abrupt halt. Less than a month later Nancy Lopez escalted matters, as detailed in **FACT 3**. The Plaintiff submitted a written report to Hannah Niro about both incidents, which she could have very easily verified by viewing Amazon's surveillance footage.

Whole Foods Market staff could have also confirmed for Hannah Niro how, on July 17, 2022, the unhinged Nancy Lopez had intentionally trashed the tiny workspace and allowed a line of customers to form

**25/48**

out the door when the Plaintiff went on break. As clearly seen in Amazon's security surveillance footage, the Plaintiff left the small area very organized before her work break. When she returned thirty minutes later the floor was littered with packages and boxes that she had to step over in order to immediately start helping the long line of angry customers. Those facts the Plaintiff thoroughly detailed in her first emailed complaint to Hannah Niro about the repeated assault.

Whole Foods Market staff could have further confirmed for Hannah Niro that Nancy Lopez had created another scene on July 17, 2022, by not only trashing the small work space, stalling the system, stopping the workflow, and allowing a line of customers to form out the door, but also by repeatedly assaulting the Plaintiff in their presence and before customers. **FACT 3** mentions how there was a customer standing at the Amazon Hub Counter when Nancy Lopez intentionally sealed off the tiny work area and cornered the Plaintiff before pulling down her mask and rushing up into the Plaintiff's face. The customer can be very clearly seen on Amazon's security video footage pointing and motioning at Nancy Lopez while shouting for her to get out of the Plaintiff's face.

Yet, despite the Plaintiff's detailed written report about being cornered and repeatedly assaulted in a small space on July 17, 2022; despite the Plaintiff's June 2022 detailed complaint;

despite the Plaintiff's pre-June 2022 complaints; despite other employees' complaints before and after the Plaintiff's May 2022 transfer to the Amazon Hub Counter; despite Nancy Lopez's repeated violations of Amazon policy and standards of conduct in front of customers, supervisors, and co-workers on a regular basis; despite the hostile and unsafe work environment Nancy Lopez created for everyone who had ever worked with her, including supervisors, in nearly every shift; and despite Amazon's video footage of Nancy Lopez's repeated assault against the Plaintiff on July 17, 2022, Amazon/Prime Now, Hannah Niro, Jordan Sprague, and Alyssa McCormick did not terminate her. The Plaintiff asserts that Nancy Lopez was not investigated or disciplined either for her menacing and dangerous behavior towards her on July 17, 2022. Nancy Lopez was retained until months later when the Plaintiff filed a MCAD complaint in January 2023.

The gross, racially-rooted General Negligence of Amazon/Prime Now, Hannah Niro, Jordan Sprague, and Alyssa McCormick severely harmed and continues to harm the Plaintiff in psychological, emotional, physical, and financial ways that are thoroughly detailed in **DAMAGES**.

**COUNT 2: Amazon/Prime Now, Nancy Lopez – Repeated Threats of Battery**

Nancy Lopez, without any provocation, cornered and repeatedly assaulted the Plaintiff on July 17, 2022. See **FACT 3.** The Plaintiff feared for her safety. She was directly and severely harmed by the threatening actions of Nancy Lopez and, through vicarious liability, Amazon/Prime Now as thoroughly detailed in **DAMAGES.**

**COUNT 3: Amazon/Prime Now, Hannah Niro, Jordan Sprague, Alyssa McCormick – Negligent Infliction of Emotional Distress**

Hannah Niro, Jordan Sprague, Alyssa McCormick and, through vicarious liability, Amazon/Prime Now negligently inflicted the Plaintiff with extreme emotional distress. They disregarded the Plaintiff's well-being through their negligent supervision, investigation, and retainment of a volatile, erratic, unhinged, dangerous, toxic, and hateful employee before and after said employee, Nancy Lopez, cornered and repeatedly assaulted the Plaintiff on July 17, 2022. See **FACT 3.** Their negligence caused the Plaintiff foreseeable and preventable severe psychological, emotional, physical, and financial harm that she continues to suffer from, as detailed in **DAMAGES.**

**COUNT 4: Amazon/Prime Now, Hannah Niro, Jordan Sprague, Alyssa McCormick – Civil Conspiracy** (Malicious and deleterious HR investigation, termination, and post-termination actions)

Hannah Niro, Jordan Sprague, Alyssa McCormick and, through vicarious liability, Amazon/Prime Now actively worked together, conspired, to harm the Plaintiff by engaging in the following acts.

a. The Plaintiff asserts that Hannah Niro and Jordan Sprague manipulated the scheduling system so that the Plaintiff, who was new to the Amazon Hub Counter, was offered the same shifts as Nancy Lopez. By design, most of the Plaintiff's shifts ended up being with Nancy Lopez because no other employee, including supervisors, wanted to work with her because she was hostile, intolerant, erratic, and prone to dangerous outbursts.

b. Hannah Niro and Jordan Sprague did not approve the Plaintiff's requests to pick up shifts at other Amazon Hub Counter sites so that she could avoid working with, or so that she could work less with, Nancy Lopez. Despite the Plaintiff's repeated requests for assignments at other facilities, and despite her repeated complaints about the stressful, hostile, and unsafe work environment created by Nancy Lopez, Hannah Niro and Jordan Sprague conspired so that both employees were often offered the same shifts. Jordan Sprague's and Hannah Niro's manipulation of the scheduling system resulted in the Plaintiff and Nancy Lopez working most of their shifts together. As previously stated, other employees, including supervisors, did not want to work with Nancy

Lopez because of her toxic, unstable, and if you were non-white, hateful and racist conduct towards them.

c. It was not until after the Plaintiff stated in a July 19, 2022, email to Amazon headquarters, local Amazon leadership, Hannah Niro, and Jordan Sprague that she was seeking a harassment protection order against Nancy Lopez for the repeated assault she had suffered a few days prior did Jordan Sprague approve her requests to work at other sites, but with unfair and inconvenient preconditions. See **FACTS 2** and **4**.

d. Less than a month after the Plaintiff started complaining about the repeated, retaliatory assault by Nancy Lopez on July 17, 2022, as detailed in **FACT 3**, Hannah Niro, Jordan Sprague, and Alyssa McCormick conspired and manufactured a just cause reason to terminate her. See **FACTS 6** and **7**.

e. Hannah Niro, Jordan Sprague, and Alyssa McCormick actively worked together to terminate the Plaintiff without proper procedure, as detailed in **FACTS 8** and **9**.

The malicious, coordinated actions mentioned above by Hannah Niro, Jordan Sprague, Alyssa McCormick and, through vicarious liability, Amazon/Prime Now severely harmed and continue to harm the Plaintiff in ways that are thoroughly detailed in **DAMAGES**.

**COUNT 5: Amazon/Prime Now, Jordan Sprague, Hannah Niro, Alyssa McCormick – Violation of M.G.L. c. 12, §§ 11H-11J[2]** (Threats, intimidation, coercion)

The Plaintiff's rights under the Massachusetts Civil Rights Act were violated by Jordan Sprague, Hannah Niro, Alyssa McCormick, and, through vicarious liability, Amazon/Prime Now for the following reasons.

a. Nancy Lopez had been repeatedly complained about to Hannah Niro for creating a hostile and unsafe work environment by all of her co-workers, including supervisors. See **FACTS 2**. Hannah Niro failed to properly supervise, manage, and investigate Nancy Lopez.

---

[2] **M.G.L. c. 12, §§ 11H-11J is the Massachusetts Civil Rights Act or MCRA. M.G.L. c. 12, § 11H states "…any person whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of the Commonwealth, has been interfered with, or attempted to be interfered with, by threats, intimidation, or coercion, may bring a civil action for** injunctive and other appropriate equitable relief, including **the award of compensatory money damages. M.G.L. c. 12, § 11I** "…allows individuals to seek relief in cases where their **rights have been interfered with through threats, intimidation, or coercion. It provides for the recovery of damages, including punitive damages,** and the award of costs and reasonable attorney's fees." **M.G.L. c. 12, § 11J…**" outlines the penalties for violations of court orders issued under Sections 11H and 11I. It states that any violation of such orders is a criminal offense, punishable by fines and imprisonment. It also provides for the issuance of temporary restraining orders and injunctions to prevent further violations."

b. Hannah Niro failed to investigate, discipline, and terminate Nancy Lopez after she intentionally cornered and repeatedly assaulted the Plaintiff on July 17, 2022. See **FACTS 3** and **4**.

c. The Plaintiff was coerced by Jordan Sprague into participating in the "coaching session," which was a scapegoating session, mentioned in **FACT 6.**

d. The Plaintiff was threatened with termination by Jordan Sprague if she did not submit to a retaliatory and discriminatory HR investigation of her that began one week after the above-mentioned "coaching session." The HR investigation of the Plaintiff's alleged "harassment" of Nancy Lopez started on August 19, 2022, exactly one month after the Plaintiff had mentioned in an email to Hannah Niro, Jordan Sprague, and Amazon leadership that she would secure a harassment prevention order against Nancy Lopez for the repeated threats of battery against her on July 17, 2022. See **FACTS 4b** and **7**.

e. The Plaintiff was subjected to a bad faith termination by Jordan Sprague, Hannah Niro, and Alyssa McCormick that was based on HR investigation findings that were later contradicted by an Amazon ER investigation. See **FACT 10 and the introduction to CAUSES OF ACTION.**

The threats, coercion, and retaliatory intimidation of the Plaintiff by Jordan Sprague, Hannah Niro, Alyssa McCormick and,

through vicarious liability, Amazon/Prime Now violated the Plaintiff's civil rights under M.G.L. c. 12, §§ 11H-11J. She was severely harmed and continues to suffer harm, as thoroughly detailed in **DAMAGES**.

**COUNT 6: Amazon/Prime Now, Nancy Lopez, Hannah Niro, Jordan Sprague, Alyssa McCormick – Intentional Infliction of Emotional Distress**

Hannah Niro, Jordan Sprague, Alyssa McCormick, Nancy Lopez and, through vicarious liability, Amazon/Prime Now actively worked together, conspired, to intentionally inflict the Plaintiff with extreme emotional distress by engaging in the following acts.

a. The Plaintiff was cornered and repeatedly threatened with battery by Nancy Lopez. See **FACT 3**.

b. The Plaintiff suddenly experienced difficulties securing shifts after she had started submitting complaints to Amazon HR, Amazon headquarters, local Amazon leadership, and several internal and external agencies about being repeatedly assaulted by Nancy Lopez in a hostile and unsafe work environment created by Nancy Lopez that was ignored by Hannah Niro. See **FACT 5**.

c. The Plaintiff was forced by Hannah Niro and Jordan Sprague to participate in a "coaching session." It was a scapegoating session. Jordan Sprague and Hannah Niro basically blamed the Plaintiff for

being repeatedly assaulted by Nancy Lopez on July 17, 2022. See **FACT 6**.

d. A little over a month after being repeatedly threatened with battery by Nancy Lopez, the Plaintiff was forced by Jordan Sprague to participate in an HR investigation of her. See **FACT 7**. The Plaintiff asserts that Jordan Sprague instructed or influenced the HR investigator to wrongfully charge her with violating "some" of Amazon's policy and standards of conduct in order to legally justify her wrongful termination.

e. As detailed in **FACT 8**, without proper notification Jordan Sprague, Hannah Niro, and Alyssa McCormick charged the Plaintiff with "harassment" of Nancy Lopez. Without any notification the Plaintiff's shifts were cancelled, her account was disabled, and she was terminated via an email that was intentionally sent by Hannah Niro to her inaccessible Amazon account. Prior to the Plaintiff's retaliatory termination, both Hannah Niro and Jordan Sprague had only communicated with her through her personal email account. Yet, the Plaintiff's termination documents were sent to an account she never used and could not have accessed even if she had thought to.

f. As mentioned in **FACT 9**, the Plaintiff did not receive her final pay on her final day of employment.

g. The Plaintiff was not allowed to appeal the termination.

h. The Plaintiff was made ineligible for rehire.

i. Even after the ER investigator exonerated the Plaintiff of any wrongdoing, Amazon/Prime Now did not reinstate her to her former position with back pay and emotional distress compensation. See **FACT 10**.

j. Despite the ER investigation findings mentioned above, Amazon/Prime Now accused the Plaintiff of violating a state law and her unemployment benefit claims were denied as a result. The Plaintiff spent time and energy preparing for a DUA hearing that Amazon/Prime Now failed to attend even though it was held via Zoom. See **FACT 11**.

k. It was the start of the holiday season. Nancy Lopez, despite her clearly caught-on-camera and repeated violations of what the Plaintiff had been falsely accused of and wrongfully terminated for, remained employed at the Amazon Hub Counter until the Plaintiff filed a MCAD complaint in January 2023.

l. Despite all the evidence the Plaintiff submitted to the MCAD and All Defendants-the clear Amazon security video footage, the contradicting HR and ER investigation findings, numerous emailed complaints, a snapshot of her clean personnel record, et cetera-she was not made whole. Jordan Sprague, Hannah Niro, Nancy Lopez, Alyssa McCormick, and Amazon/Prime Now did not admit to any wrongdoing. Instead, the Plaintiff was falsely represented in the

position statement. Also, the blame for her bad faith termination and for her being repeatedly assaulted by Nancy Lopez on July 17, 2022, was dropped directly on her head.

The intentional infliction of extreme emotional distress on the Plaintiff, caused by Jordan Sprague, Hannah Niro, Nancy Lopez, Alyssa McCormick and, through vicarious liability, Amazon/Prime Now severely harmed her and continues to harm her in ways that are thoroughly detailed in **DAMAGES**.

**COUNT 7: Amazon/Prime Now, Jordan Sprague, Hannah Niro, Alyssa McCormick, Nancy Lopez – Violations of M.G.L. c. 151B[3] (Anti-discrimination)**

The Plaintiff exercised her legal rights when she reported Nancy Lopez's retaliatory and repeated assault of her on July 17, 2022, to various external and internal agencies, including Amazon headquarters. She was immediately—within a three-month period—subjected to retaliation, discrimination, investigation, false accusations, a pretextual termination, and post-termination discriminatory and retaliatory actions by Amazon/Prime Now. See **FACTS 3-11**.

---

[3] This anti-discrimination law prohibits discrimination in employment, housing, and other areas based on protected characteristics such as race, religion, gender, disability, age, et cetera.

Jordan Sprague, Hannah Niro, Alyssa McCormick, and Nancy Lopez aided and abetted in the horrific and repeated violation of the Plaintiff's rights under M.G.L. c. 151B. The Plaintiff was severely harmed based on her race, color, gender, age, and presumed nationality as an over forty-year old Black female. She continues to suffer harm, as detailed in **DAMAGES**.

**COUNT 8: Amazon/Prime Now – Violation of Title VII of the Civil Rights Act[4] (Anti-discrimination based on protected characteristics)**

Nancy Lopez's primary targets were Black female co-workers. Her secondary targets were Blacks from other countries. Prior to the Plaintiff's termination, a Black Haitian female employee had been terminated shortly after one of Nancy Lopez's dangerous performances during a shift. She was terminated even though she, like the Plaintiff, had not provoked or reciprocated the violent and threatening conduct and words that Nancy Lopez had ruthlessly subjected them both to inside the tiny workspace.

Also, a Black Haitian supervisor had to transfer to another Amazon Hub Counter because of Nancy Lopez's disagreeableness and outright disrespect towards him. Like all other complaints about Nancy

---

[4] Prohibits retaliation against employees who oppose unlawful discrimination based on protected characteristics like race, color, national origin, religion, sex, age, disability, and sexual orientation.

Lopez, Amazon/Prime Now repeatedly turned a blind eye to his complaints too. Nancy Lopez knew she had been given the greenlight to run wild and treat any Black person at the Amazon Hub Counter any way she pleased, including supervisors and customers.

The dark-skinned Plaintiff looks like a foreign-born Black person or the child or grandchild of foreign-born Blacks. She was targeted by Nancy Lopez on day one. The Plaintiff became a bigger target after she submitted a detailed, written report to Hannah Niro about Nancy Lopez's shocking and unsafe conduct during a June 2022 shift. The Plaintiff asserts that Hannah Niro divulged the contents of that complaint to Nancy Lopez because less than a month later Nancy Lopez intentionally cornered and repeatedly assaulted the Plaintiff. The repeated threats of battery were retaliatory and racist. See **FACTS 1-3**.

Despite the offensive and dangerous conduct of Nancy Lopez against the Plaintiff, specifically on July 17, 2022,—erratic behavior that is visibly clear on Amazon video surveillance footage—she remained an Amazon Hub Counter employee. The Plaintiff, however, was terminated less than two months later for alleged "harassment" of Nancy Lopez. Even after Amazon's ER investigation findings cleared the Plaintiff of the manufactured accusations that were used to justify her permanent termination, Nancy Lopez remained employed at the Amazon Hub Counter through the holidays. The

Plaintiff, on the other hand, had to prepare for a DUA hearing based on post-termination false allegations against her that denied her, her rightful receipt of unemployment benefits.

The Plaintiff asserts that Amazon/Prime Now never investigated, warned, or disciplined Nancy Lopez for her repeated violation of that which the Plaintiff had been falsely accused of and wrongfully terminated for despite Amazon's own video evidence. The Plaintiff knows that it was not until after Amazon/Prime Now received her MCAD complaint in July 2023 that Nancy Lopez's employment ended either from termination or forced resignation.

Amazon's discriminatory and retaliatory decision to investigate and wrongfully terminate the dark-skinned Black Plaintiff, while retaining the younger and white(-skinned) Nancy Lopez, was beyond insulting and injurious. It was an openly hateful and blatantly racist violation of the Plaintiff's rights under Title VII. That extreme and repeated violation—the investigation, the termination, not allowing the Plaintiff to appeal the unjust decision, making her ineligible for rehire, and attempting to rob her of unemployment benefits—severely harmed and continues to harm the Plaintiff in ways that are thoroughly detailed in **DAMAGES**.

## COUNT 9: Amazon/Prime Now — Violation of The Age Discrimination in Employment Act of 1967 ("ADEA")[5]

The Plaintiff is a frequent Amazon shopper. She regularly retrieves packages from at least four Amazon Hub Counters outside of the Whole Foods Market. She regularly picks up packages from at least four Amazon Hub Counters within the Whole Foods Market because she is also a frequent shopper of that Amazon business. Also, the Plaintiff had been a Prime Now Shopper working in several Whole Foods Market stores for over two years before transferring to the Amazon Hub Counter inside the store where she had regularly worked as a shopper for about six months. See **FACT 1**.

Prior to finally being allowed to transfer to the Amazon Hub Counter, the Plaintiff had repeatedly complained via email to Amazon headquarters about their seemingly discriminatory practice of hiring mostly collegiate-aged males for the position. At the time of the Plaintiff's wrongful termination in September 2022, Amazon still mostly employed this demographic at every Amazon Hub Counter site and Amazon Hub Locker center that the Plaintiff regularly frequented throughout any given month. After her wrongful termination, the Plaintiff was replaced with twenty-something-year-old male employees.

---

[5] Protects employees aged 40 and older from age-based discrimination.

**Hyh'nes Hidiyah Bakri v. Amazon.com, Incorporated, et al**

The Plaintiff was over forty in 2022. She was less young than Nancy Lopez and most of the Amazon Hub Counter employees at her site. There were some college-aged Black male workers, but the Plaintiff was the only Black employee over forty who was either employed at her site or who regularly worked at her site.

Considering all of the above-mentioned facts, the Plaintiff asserts that Amazon's termination of her in September 2022 was also based on age. Again, the Plaintiff was immediately replaced with younger, male employees after her wrongful termination. Amazon's violation of the Plaintiff's rights under ADEA caused her severe psychological, emotional, financial, and physical harm that she continues to suffer from, as detailed in **DAMAGES.**

**COUNT 10: Amazon/Prime Now - Violation of Common Law Public Policy Exceptions[6] (Protection for at-will private-sector employees asserting legal rights)**

As stated in **FACT 4**, from July 2022 to September 2022 the Plaintiff submitted at least eight complaints to Amazon headquarters, local Amazon leadership, and various internal and external agencies

---

[6] Massachusetts is an "at-will" employment state, but a public policy exception exists. Employers cannot terminate an employee for performing an important public deed or for reasons that violate well-established public policy. This includes situations like reporting an assault, asserting a legal right, fulfilling a legal duty, refusing to commit an illegal act, or reporting internal criminal wrongdoing.

**Hyh'nes Hidiyah Bakri v. Amazon.com, Incorporated, et al**

where she emphasized that the repeated assault of her by Nancy Lopez on July 17, 2022, was foreseeable and preventable by Hannah Niro. See **FACT 4**. OSHA was one of the agencies the Plaintiff complained to during that time. She also filed a small claims complaint against All Defendants within two weeks of the repeated and retaliatory assault. Contrary to the Defendants' claims in their MCAD position statement, the BMC docket specifies that the dismissal was without prejudice in December 2022.

In one of the Plaintiff's eight or more emails mentioned above she wrote about seeking a harassment prevention order against Nancy Lopez. See **FACT 4b**. Less than a month after sending that email the Plaintiff started experiencing difficulties securing shifts and she was forced to submit to a "coaching session" and an HR investigation of her by Jordan Sprague and Hannah Niro. Less than a month after the HR investigation, the Plaintiff's shifts were canceled and she was terminated without proper notification or without any notification because the termination documents were intentionally emailed to her defunct Amazon account by Hannah Niro. The Plaintiff was also not allowed to appeal the pretextual termination and made ineligible for rehire by Amazon/Prime Now. See **FACTS 5-9**.

All of the above-mentioned occurred because the Plaintiff asserted her legally guaranteed rights. Amazon/Prime Now repeatedly

violated those rights under the Common Law Public Policy Exceptions for at-will-private-sector employees. The Plaintiff was severely harmed as a result and she continues to suffer harm as detailed in **DAMAGES**.

**COUNT 11: Amazon/Prime Now — Violation of M.G.L. c. 149, § 148[7] (Final wage payment upon termination)**

As detailed in **FACTS 8** and **9**, the Plaintiff was intentionally not properly notified about her wrongful termination by Jordan Sprague, Hannah Niro, and Alyssa McCormick. The Plaintiff asserts that she was not notified at all about the bad faith termination because Hannah Niro chose not to email the termination documents to her personal, on file email account that she had been using throughout the Plaintiff's employment at the Amazon Hub Counter. Instead, the documents were emailed to the Plaintiff's Amazon account, which Hannah Niro knew the Plaintiff could not access because of the wrongful termination and disabling of her account.

The Plaintiff was intentionally denied notification of her termination and her termination documents. She was intentionally denied her final, full pay on the date listed on Amazon's documents as being her last day of employment—September 13, 2022. The

---

[7] Massachusetts Wage Act requires employers to pay employees in full—wages, vacation and sick pay, overtime pay—on the day of discharge for involuntarily termination. Violations trigger treble damages and attorney's fees.

unlawful act of denying the Plaintiff her right to receive full compensation on her day of discharge violated her rights under M.G.L. c. 149, § 148 and caused her severe psychological, emotional, and financial harm, as detailed in **DAMAGES**.

**COUNT 12: Amazon/Prime Now – The Massachusetts Fair Employment Practices Act (FEPA)[8] (Continued, Post-Termination Retaliation)**

**a. October 25, 2022:** It was the start of the holiday season. Despite Amazon's conflicting ER and HR investigation reports, the Plaintiff had not been reinstated to her former position, she remained ineligible for rehire, and she had not been offered any compensation by Amazon/Prime Now for the repeated violation of her protected rights under multiple laws and in various other ways.

The ER investigation findings proved that the Plaintiff was not guilty of the "harassment" charge Jordan Sprague, Hannah Niro, and Alyssa McCormick had used to justify the wrongful termination. In fact, the Plaintiff had been the victim of repeated harassment and a retaliatory, racist, and repeated assault by Nancy Lopez on July 17, 2022. Yet, Nancy Lopez remained employed at the Amazon Hub Counter throughout the holiday season despite her repeatedly

---

[8] The Massachusetts Fair Employment Practices Act (FEPA) protects employees from retaliation for excercising their rights or for opposing unlawful practices or participating in related proceedings.

egregious and nefarious violations of Amazon policy and standards of conduct on many occasions, not just on the day she had repeatedly assaulted the Plaintiff.

The Plaintiff, however, spent her holiday season fighting post-termination discriminatory and retaliatory actions. She had to prepare for a virtual DUA hearing to defend against Amazon's claims that she had violated stated law that made her ineligible for unemployment benefits. Amazon/Prime Now did not even bother to attend the remote hearing. See **FACT 11**. The malicious, racist, and post-termination retaliation severely harmed the Plaintiff in ways detailed in **DAMAGES.**

**DAMAGES**

The harmful pre-termination and post-termination adverse actions against the Plaintiff—the repeated violations of her protected rights by Jordan Sprague, Hannah Niro, Nancy Lopez, Alyssa McCormick, and Amazon/Prime Now directly and through vicarious liability—were based on her race, color, gender, age, and presumed nationality. The resulting harm was severe, sustained, and in some instances irreparable. It manifested across multiple domains:

**1. Psychological and Emotional Damage**

a. Sleeplessness

b. Chronic stress

**Hyh'nes Hidiyah Bakri v. Amazon.com, Incorporated, et al**

c. Persistent anxiety

d. Clinical depression

e. Loss of safety and security in small or enclosed spaces

f. Loss of enjoyment of life, hobbies, and time with family

g. Post Traumatic Stress Disorder ("PTSD") diagnosis - July 2023

h. Complex PTSD or C-PTSD diagnosis by a different therapist - July 2024

**2. Physical Damage**

a. Bed-ridden illness episodes

b. Suppressed appetite and nutritional instability

c. Gastrointestinal distress and chronic digestive issues

**3. Financial Damage**

a. Immediate lost wages and employment benefits

b. Ongoing loss of employment and potential income because of not being eligible for rehire

**4. Reputational Damage**

a. Defamation and stigma among Amazon Hub Counter co-workers

b. Reputational harm within Whole Foods Market workplace community

**REQUESTS FOR RELIEF**

**1. Immediate Injunctive Relief**: The Plaintiff seeks an order requiring speedy, proper, and equitable relief for the repeated retaliatory, discriminatory, malicious, and deleterious violations of her protected rights by Amazon/Prime Now, Nancy Lopez, Hannah Niro, Jordan Sprague, and Alyssa McCormick.

**2. Compensatory Damages**: The Plaintiff seeks an amount that is fair, just, and appropriate in Compensatory Damages—Special Damages,[9] Consequential Damages,[10] and General Damages or non-financial damages[11]—for all applicable violations for each Defendant.

**3. Punitive Damages**: The Plaintiff seeks an amount that is fair, just, and appropriate in Punitive Damages[12] for all applicable violations for each Defendant.

**4. Nominal Damages**: The Plaintiff seeks an amount that is fair, just, and appropriate in Nominal Damages[13] from the appropriate Defendants if actual damages are not proven.

---

[9] Special damages are direct financial losses—actual, measurable, (preferably documented) financial damages from wages, medical bills, and other tangibles.
[10] Consequential damages are indirect financial losses—loss of potential earnings and other delayed financial impacts.
[11] General damages are pain and suffering, emotional distress, loss of enjoyment of life.
[12] Financial punishment for and to deter malicious intent and malicious actions.
[13] If actual damages are not proven.

**5. Declaratory Relief:** The Plaintiff seeks a declaration stating that, for all applicable violations committed by each Defendant, her protected federal and/or state rights were violated.

**6. Reasonable Litigation Costs and Expenses:** The Plaintiff asks the Court to grant compensation for significant miscellaneous expenses related to court preparation and appearances.

**7. Equitable Relief:** The Plaintiff seeks any equitable relief that is deemed just and fair.

**8. A trial by jury.**

Thank you for your time and consideration.

Respectfully Submitted,

/s/ Hyh'nes Bakri
67 Newbury Street
Boston, MA, 02116
6173087944
carpeomnis@outlook.com

Date: September __//__ , 2025

USMS Screened

48/48