UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| HYH'NES HIDIYAH BAKRI,<br><br>         Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., PRIME NOW, LLC,<br>JORDAN SPRAGUE, NANCY LOPEZ,<br>HANNAH NIRO, and ALYSSA<br>MCCORMICK,<br><br>         Defendants. | Civil Action No: 1:25-cv-12540-AK |

## PLAINTIFF'S OPPOSITION TO AMAZON DEFENDANTS' MOTION TO DISMISS

The Plaintiff respectfully submits this Opposition to the Defendants' Motion to Dismiss.

1. Rebuttal To: "Sprague And McCormick Live And Work Outside Of Massachusetts"; "The Court Lacks Personal Jurisdiction Over Sprague And McCormick"; "This Court Lacks General Jurisdiction Over Sprague And McCormick Because Neither Is 'At Home' In Massachusetts"; " This Court Lacks Specific Jurisdiction Over Sprague And McCormick"; "There Is No Nexus Between Plaintiff's Claims And Sprague And McCormick's Forum-Based Activities"; "Neither Sprague Nor McCormick Voluntarily Reached Out To Plaintiff In Massachusetts"; "The Reasonableness Factors Weigh Against The Court Exercising Specific Jurisdiction Over Sprague And McCormick"

**a.** Under the Massachusetts Long-Arm Statute (M.G.L. c. 223A, § 3), this Court maintains specific personal jurisdiction over out-of-state corporate agents who personally direct, coordinate, and execute retaliatory employment actions **targeted at a resident employee** within this Commonwealth.

**b. Jordan Sprague and Alysa McCormick directed their retaliatory corporate actions *into* Massachusetts, targeting the Plaintiff *inside* Massachusetts from August 2022 to October 2022, as detailed in FACTS 5-8, 11 of the Amended Complaint.** (Exhibit 1, pages 1-2, September 12, 2022, Feedback Document. The Plaintiff's name was typed on the document. She received it after her termination.)

**i.** The retaliation and wrongful termination claims **arise partly from** the feedback document. The document clearly says Sprague "created" the form and McCormick "approved of" that action, which was directed *into* Massachusetts against the Plaintiff, establishing a direct nexus.

**ii.** Sprague's **contact was entirely voluntary, not fortuitous.** The Plaintiff did not initiate contact with Sprague. Niro copied Sprague on a July 19, 2022, email reply to the Plaintiff's July 18, 2022, complaint about the July 17, 2022, repeated threats of battery and verbal assault by Lopez. Sprague later **actively and voluntarily reached out to the Plaintiff in Massachusetts** by email to initiate a Zoom "coaching session," intentionally projecting her authority into this Commonwealth to execute a retaliatory scheme, as detailed in **FACT 6** of the Amended Complaint. The Plaintiff did not request a "coaching session." **(Exhibit 2, page 3.)**

**c.** Under Massachusetts law, corporate agents are not shielded from specific personal jurisdiction for intentional statutory violations targeted at a resident employee simply because they acted within the scope of their employment.

**d.** The Plaintiff is **not** claiming General Jurisdiction. The Plaintiff asserts **specific personal jurisdiction** based entirely on **Sprague and McCormick's purposeful, targeted actions directed into this Commonwealth.**

**e.** The "Reasonableness" factors heavily favor jurisdiction because:

**i.** In the modern federal judiciary, any minor travel burden is completely **mitigated by the widespread use of Zoom and remote electronic hearings**.

**ii.** Massachusetts has a compelling interest in providing a forum for its resident workers to seek redress for unlawful, **intentional retaliation** executed within its borders.

**f.** Constitutional Due Process is satisfied because of all of the facts mentioned in a-e.

**2. Rebuttal To: "Plaintiff's Employment With Prime Now"**

As detailed in **FACT 8** of the Amended Complaint, the actual Human Resources investigation concluded only that Plaintiff had violated Amazon's workplace policies; the investigation did not find or conclude that "harassment" was the violation. The label of "harassment" was a bad-faith fabrication applied strictly by Defendants Sprague, Niro, and McCormick to manufacture a

**PLAINTIFF'S OPPOSITION TO AMAZON DEFENDANTS' MOTION TO DISMISS**
**6.1.26  Civil Action No: 1:25-cv-12540-AK**

pretextual basis for retaliation, as noted in **FACT 8** in the Amended Complaint. **(Exhibit 3, pages 4-5)**.

**3. Rebuttal To: "Counts 1-6 Are Untimely"**

**a.** Under the **Continuing Violation Doctrine**, the statute of limitations does not begin until the *last* act of the continuous pattern of harm. Since **the harassment, threats, and conspiracy led directly to, continued through *and after,* the Plaintiff's termination** on September 13, 2022, into October 2022, when false charges were filed with the Department of Unemployment Assistance (DUA) to stop her claims, **all counts are timely**.

**i.** The Plaintiff was terminated on the feedback form and via email on September 12, 2022, and received official notice on September 13, 2022, from Amazon/Prime Now, as detailed in **FACT 9** in the Amended Complaint.

**ii. The last act of discrimination and retaliation was the October 27, 2022, DUA notice with the false accusations of M.G.L. c. 151A, § 25(e)(2) violations,** which Amazon/Prime Now did not appear for the virtual hearing to defend in November 2022, as stated in **FACT 11** in the Amended Complaint.. **(Exhibit 4, page 6.)**

**iii.** Because these **core retaliatory actions occurred within the limitations period, all related prior events forming the pattern of conduct are anchored and strictly timely.**

**PLAINTIFF'S OPPOSITION TO AMAZON DEFENDANTS' MOTION TO DISMISS**

**6.1.26  Civil Action No: 1:25-cv-12540-AK**

**4. Rebuttal To: "Counts 1, 2, 3, And 6 Are Barred By The Exclusivity Provision Of The Massachusetts Workers' Compensation Act (M.G.L. c. 152, § 24)"**

**a.** The Massachusetts Workers' Compensation Act **(WCA) does not bar common-law claims for intentional torts where the wrongdoer's actions—intentional harassment, threats, and assault—were personal, motivated by malice, exceeded any foreseeable risk of a logistics workplace, and did not further the employer's business interests, as evidenced, for example, in Amazon's video of** *the repeated threat of battery* **and verbal assault that the Plaintiff suffered from Nancy Lopez, which is detailed in FACT 3** in the Amended Complaint.

**b. The WCA exclusivity provision never bars independent, post-termination retaliatory harms.** The bad-faith deactivation of the Plaintiff's account, cancellation of her shifts, and fraudulent blocking of DUA benefits occurred completely outside the scope of normal employment duties (**FACTS 8, 9, and 11** in the Amended Complaint. **Exhibits 4 and 5, pages 6 and 7.** ).

**5. Rebuttal To: "Counts 4, 5, And 10 Are Barred By The Exclusivity Provision Of The Massachusetts Fair Employment Practices Act (M.G.L. c. 151B, § 9)"**

**a. As to Civil Conspiracy**: M.G.L. c.151B exclusivity does not apply because **this claim is grounded in independent tortious conduct—specifically, a calculated, joint campaign of harassment and schedule manipulation.** The Plaintiff explicitly stated in the Amended Complaint that the schedule manipulation occurred because no other employee wanted to work with Lopez (**FACT 2**). The Plaintiff never claimed the foregoing was done to manufacture a

**PLAINTIFF'S OPPOSITION TO AMAZON DEFENDANTS' MOTION TO DISMISS**

**6.1.26  Civil Action No: 1:25-cv-12540-AK**

termination. **The August 12, 2022, "coaching session" and August 19, 2022, HR investigation were done to manufacture a termination.**

**b. As to the MCRA Civil Rights Claim:** The MCRA claim is not preempted because it remedies independent, coercive misconduct that falls completely outside the scope of standard employment discrimination. **The Defendants actively coerced and threatened the Plaintiff with termination to force her participation in a sham HR investigation, directly interfering with her civil rights by threats, intimidation, and coercion,** as stated in the Amended Complaint in **FACT 7. (Exhibit 6, page 8. The "site HR" referred to in the August 23, 2022, email is Sprague.)**

**c. As to Wrongful Termination in Violation of Public Policy:** There was no internal or statutory "remedial scheme available" to the Plaintiff. Amazon/Prime Now were fully aware of the Plaintiff's internal and external complaints *prior to her termination* as mentioned in **FACT 4**. (Two examples provided in **Exhibit 7, pages 9-10**). The Plaintiff was instantly terminated based on a fabricated finding of "harassment" by Niro, Sprague, and McCormick (**FACT 8**), even though the HR finding did not specify the violation (**Exhibit 3, pages 4-5.**) Nevertheless, the Plaintiff was denied any right to appeal and was made ineligible for rehire because of the false "harassment" charge by Sprague, Niro, and McCormick. **FACT 9 (Exhibit 8, page 11.)**

**d.** The wrongful termination was an act of discrimination and retaliation for the Plaintiff's many complaints to various agencies about workplace safety, including OSHA and the Boston Municipal Court. (**Exhibit 9, pages 12-14.**)

PLAINTIFF'S OPPOSITION TO AMAZON DEFENDANTS' MOTION TO DISMISS

6.1.26  Civil Action No: 1:25-cv-12540-AK

**6. Rebuttal To: "The Court Should Dismiss Counts 4, 7, 9, 10, and 14 Pursuant To Rule 12(b)(6)"; "Plaintiff Does Not State A Plausible Claim Of Civil Conspiracy (Count 4)"; "Plaintiff Does Not State A Plausible Claim Of Civil Conspiracy (Count 4)"; "Plaintiff Does Not State A Plausible Claim Of Discrimination Under Chapter 151B"; "Plaintiff Fails To Plead Sufficient Facts To Establish A Claim Of Age Discrimination"; "Plaintiff's Wrongful Termination Claim Is Insufficiently Pled"; "Plaintiff Disparate Impact Claim Is Insufficiently Pled"**

**a.** The Plaintiff's First Amended Complaint is well-pleaded and explicitly **supported by attached, verifiable evidence** for every single count of discrimination and retaliatory termination. Furthermore, the complaint is **backed by a full, sworn statement under penalty of perjury**— not just a basic verified statement.

**b. As to Civil Conspiracy: Amazon/Prime Now are vicariously liable** for the concerted, tortious actions of Niro, Sprague, and McCormick who jointly executed a retaliatory scheme. Plaintiff's **emails to management establish corporate awareness, and the Defendants' joint actions in manipulating schedules and executing a sham investigation satisfy the element of substantial assistance. (Exhibits 5-7, pages 7-10)**

**c. As to Chapter 151B Discrimination:** The Plaintiff establishes a prima facie case of discriminatory and retaliatory discharge. The Plaintiff (a dark-skinned Black female) was repeatedly threatened with battery and verbally assaulted by a non-Black coworker (Lopez).

**PLAINTIFF'S OPPOSITION TO AMAZON DEFENDANTS' MOTION TO DISMISS**
**6.1.26  Civil Action No: 1:25-cv-12540-AK**

Despite Amazon's own video footage proving the Plaintiff was not the aggressor, Defendants subjected only the Plaintiff to a sham investigation, terminated her without appeal, and made her ineligible for rehire, *while retaining the aggressor* (Lopez) (FACT 9, Exhibit 10, page 15). This disparate treatment directly infers discriminatory animus.

**d. As to Age Discrimination:**

**i.** The Amended Complaint states on page 3 that the Plaintiff was over 40.

**ii.** As for being qualified, the Plaintiff received a customer service award totaling $200 within two months of transferring to Amazon Hub Counter on May 1, 2022, and at the time of her wrongful termination had no disciplinary warnings or actions in her personnel record. (**Exhibit 11, pages 16-18.**)

**iii. The Plaintiff suffered adverse termination and was subjected to disparate treatment when *the younger Lopez was retained* after repeatedly threatening her with battery and verbally assaulting her.**

**e. As to Wrongful Termination in Violation of Public Policy: The Defendants' assertion that the Plaintiff's external complaints were filed post-termination is factually false. The Plaintiff's *first* OSHA complaint, Small Claims complaint, and many other complaints were legally filed *before* her September 13, 2022, termination notice,** as a direct result of her internal

**PLAINTIFF'S OPPOSITION TO AMAZON DEFENDANTS' MOTION TO DISMISS**

**6.1.26  Civil Action No: 1:25-cv-12540-AK**

safety complaints being ignored (**FACT 4. Exhibit 9, pages 12-14). Retaliation for filing external workplace safety complaints with OSHA violates a clearly defined public policy.**

**f. As to Disparate Impact:** The Plaintiff sufficiently alleges that the Defendants' facially neutral HR **investigative and disciplinary policies are applied in a manner that falls with a disproportionate, adverse impact on darker skinned Black employees.** This is evidenced by the selective enforcement of "harassment" policies where Black complainants are terminated despite clear video evidence and despite HR investigation findings that do not mention "harassment", while non-Black aggressors are shielded and retained.

## CONCLUSION

For all the reasons set forth above and explicitly supported by the attached verifiable exhibits, the Plaintiff respectfully requests that this Court deny the Defendants' Motion to Dismiss in its entirety.

**DATE:** June 1, 2026

Respectfully submitted,

/s/ Hyh'nes Hidiyah Bakri

67 Newbury Street

Boston, MA, 02116

6173087944

carpeomnis@outlook.com

**PLAINTIFF'S OPPOSITION TO AMAZON DEFENDANTS' MOTION TO DISMISS**

**6.1.26  Civil Action No: 1:25-cv-12540-AK**

## VERIFIED DECLARATION

I, Hyh'nes Bakri, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following statements are true and correct:

1. I am a pro se litigant in this action.

2. I have personally prepared and reviewed this document filed by me in this Court.

3. Every factual allegation, timeline, statement of events, and exhibit attached to or contained within this filing is completely true and correct to the best of my personal knowledge, information, and belief.

Executed on this 1st day of June, 2026.

Hyh'nes Bakri

## CERTIFICATE OF SERVICE

I hereby certify that this **PLAINTIFF'S OPPOSITION TO AMAZON DEFENDANTS' MOTION TO DISMISS** was filed with the Clerk of the United States District Court for the District of Massachusetts on June 1, 2026, and a copy was served via email to Attorney's Daniel Klein and Jeanette Piaget at Seyfarth Shaw, LLP, Seaport East, Two Seaport Lane, Suite 1200, Boston, Massachusetts 02210-2028 on June 1, 2026.

10/10

**PLAINTIFF'S OPPOSITION TO AMAZON DEFENDANTS' MOTION TO DISMISS**

**6.1.26  Civil Action No: 1:25-cv-12540-AK**